IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                         CRIMINAL CASE NO. 2:00cr00026-KS-RHW
                                                                    CIVIL ACTION NO. 2:02cv826
LUTHER HARTFIELD

## ORDER

This cause is before the Court on [48] Motion filed by Luther Hartfield to vacate his sentence pursuant to U.S.C. 2255 filed in Civil Action No. 2:02cv826 on November 6, 2002, and the Court, after a thorough review of the petition and documents on file, does hereby find that the petition should be **denied** for the following reasons:

## FACTUAL BACKGROUND

The motion for relief under 28 U.S.C. § 2255 was filed November 5, 2002. In his petition Mr. Hartfield alleges three grounds for relief all dealing with ineffective assistance of defense counsel. The specific grounds are as follows:

Ground 1 - Ineffective assistance of counsel - defense counsel failed to object to the District Court not complying with the sentencing guidelines under 5K2.13.

Ground 2. Ineffective assistance of counsel - counsel failed to object to the probation officer's PSR for the manner in which the Government calculated the weight and purity of the drugs.

Ground 3. Ineffective assistance of counsel - counsel failed to file a notice of appeal.

The background leading up to the motion begins with the defendant's indictment, which

was filed July 26, 2000, which alleges a long-term conspiracy of petitioner and others to possess with intent to distribute more than fifty grams of cocaine base, commonly known as "crack." The case continued along the normal track and on September 22, 2000, a Motion for Psychiatric Evaluation was filed and as a result of said motion, the petitioner was ordered to be evaluated. He was transferred to the U.S. Medical Center for Federal Prisoners at Springfield, Missouri and an evaluation was undertaken by the staff there. A comprehensive report of said evaluation and letter determining competency was received on April 27 of 2001 and a [26] Certificate of Competency from Bill Hedrick, the warden at said facility, was filed with the Court on May 4, 2001.

In the evaluation the report indicated that at the time the petitioner arrived at the facility he was in a deteriorated mental state, but that it significantly improved quickly. Following his hospital course, which included medications, he was discharged with the following mental status report:

> Mr. Hartfield was alert and fully oriented. He interacted easily and with good attention. His speech was of normal rate and rhyme. Psycho motor movements were normal.  He was characteristically affable and cheerful. His range of emotional expression was normal.  Thinking appeared clear, coherent, linear and rational.  He asked appropriate questions about returning to Mississippi, and he spoke relevantly about his previous conversations.  He denied the presence of active psychotic features. He denied features of suicidality.

The final diagnosis was:

Axis I -  schizophrenia, chronic, undifferentiated in partial remission;

Axis II - doubt mental retardation, but probable borderline intellectual

functioning; and.

    Axis III - non-contributory.

The report goes into additional details regarding his understanding and determines that the defendant is competent both to stand trial and was competent at the time of the alleged events.

  All of the above resulted in the petitioner being found competent and the Certificate of Competency being issued.

  The petitioner entered a plea of guilty on August 9, 2001, and a Memorandum of Understanding was entered into by and between the Government and Hartfield. Paragraph 9 of the Memorandum of Understanding states as follows:

> Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed as provided by Section 3742, Title 18, United States Code, hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post conviction proceeding, including, but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case. Defendant waives any right to seek attorneys fees and/or costs under the Hyde Amendment, that is Section 617 of Public Law 105-119, as codified in Section 3006A, Title 18 United States Code and Defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith. Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorneys Office in this plea agreement.

  At sentencing the Defendant received a downward departure of three levels and was sentenced on Count 1 to the custody of the Bureau of Prisons for a term of 110 months and the

remaining counts were dismissed. There were various other provisions in the sentence of which the Petitioner makes no complaint.

The pre-sentence investigation, [44], throughly goes through the calculation of the amount of narcotics alleged to have been possessed by the petitioner. There was apparently no objection filed to the pre-sentence report as there was a document along with the pre-sentence report that indicated that there were no objections.

## DISCUSSION

In Issue One, petitioner raises the issue as to why the District Court did not comply with the sentencing guidelines under 5K2.13. This is the provision providing for diminished capacity which the Defendant could arguably possess. The medical reports found that he was not mentally retarded, but was slow. He received a three level downward departure and this Court finds that there is no merit in that it was not shown that the petitioner had a "significantly reduced mental capacity." It was further not shown that there was any reduction of mental capacity that contributed substantially to the commission of the offense. The Defendant had a long history of drug dealing as indicated by the pre-sentence report.

Petitioners proposition two is that his attorney did not object to the pre-sentence investigation report involving the calculation, weight and purity of the drugs. The pre-sentence report had evidence of more drugs than the petitioner was convicted for. Additionally, any objections were clearly waived by the petitioner.

Proposition Three states that there was ineffective assistance of counsel for failing to file a notice of appeal. This Court finds that this proposition is without merit as Propositions One and Two are found to be without merit. Petitioner's rights were adequately protected by the

Court. His attorney's actions certainly fall within the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). There is no proof that but for counsel's unprofessional's errors, that the results of the proceedings would have been different. The waivers are valid and there is also no reasonable probability of an undermining of the confidence in the judicial system. Petitioner's rights were adequately protected and this Court finds that he has no basis for relief herein.

## ORDER

IT IS THEREFORE HEREBY ORDERED that the petition for relief under Section 2255 be and the same is hereby **denied.** A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED on this, the 28th day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE